UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONALD LANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00183-JRG-SKL ) |
| LAKEVIEW LOAN SERVICING, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

This case is filed pro se and without payment of filing fees by Plaintiff Ronald Landers. Plaintiff has filed a complaint [Doc. 2], and a motion for leave to proceed *in forma pauperis* ("IFP" and "IFP Application") [Doc. 1].

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs, including non-prisoners, who seek IFP status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (citations omitted). The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6).

The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide

by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted).

Further, the Court has a "continuing obligation to examine [its] subject matter jurisdiction throughout the pendency of every matter before [it]." *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1137 (6th Cir. 1991) (footnote omitted). In general, a federal district court has subject matter jurisdiction over two types of actions. There is federal question jurisdiction, *see* 28 U.S.C. § 1331, and diversity jurisdiction, *see* 28 U.S.C. § 1332.

For purposes of federal question jurisdiction, a "plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted). A complaint "arises under federal law if it: (1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal-law claims in disguise." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc)).

Plaintiff's complaint does none of these. Although he names the FHA as a defendant, he does not assert any claims or seek any relief against the FHA. The only provision of federal law Plaintiff cites is the Declaratory Judgment Act, which does not provide an independent basis for subject-matter jurisdiction. *See Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007) (explaining that the Declaratory Judgment Act is not "an independent basis for federal subject matter

2

jurisdiction" and that another basis for original jurisdiction is needed (quotation marks and citation omitted))..

As for diversity jurisdiction, it is well established that § 1332(a) requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)); *see also Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806).

Plaintiff suggests that he resides in Tennessee, and does not indicate he is a citizen of any other state. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1998) (residency and citizenship are not synonymous jurisdictional allegations). Plaintiff alleges Defendant Pitt is "listed at 725 Cool Springs Blvd, Suite 160, Franklin TN 37067." [Doc. 2 at Page ID # 12]. Accordingly, it appears from the face of the complaint that complete diversity is not present.[1] Moreover, while Plaintiff lists addresses where he believes the corporate defendants are "located at," none of which are in Tennessee, he does not allege whether the identified addresses are where the businesses are incorporated, where they have their principal place of business, or both. *See Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003) ("Because a corporation is considered a citizen of both its place of incorporation and its principal place of business, *see* 28 U.S.C. § 1332(c)(1), a plaintiff attempting to invoke diversity jurisdiction when suing a corporation must allege both the corporation's state of incorporation and its principal place of business." (citing *Acwoo Int'l Steel Corp. v. Toko Kaiun Kaish, Ltd.*, 840 F.2d 1284, 1290 (6th Cir. 1988)).

---

[1] Plaintiff asserts, however, that "[p]er the Board of Professional Responsibility website, attorney Joseph Byrns Pitt, Jr. died in 2017." [Doc. 2 at Page ID # 12].

Rather than dismissing Plaintiff's complaint at this stage, the Court will reserve ruling on Plaintiff's IFP Application [Doc. 1], and will allow Plaintiff the opportunity to amend his complaint to address what appear to be fatal jurisdictional defects. Plaintiff is **ORDERED to file and serve any amended complaint within 30 days of entry of this Order**. It shall be titled "Amended Complaint," and shall not incorporate the original complaint or any other filing by reference, as required by Eastern District of Tennessee Local Rule 15.1.[2]

Nothing in this Order prevents Plaintiff from declining to pursue his alleged claims further in federal court, but rather choosing to pursue them in state court instead. If a proper Amended Complaint that alleges subject matter jurisdiction is not timely filed, Plaintiff's claims will be dismissed in this Court.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.